RINGO'S EXECUTOR vs. ROTAN'S HEIRS.

SWAMP AND OVERFLOWED LANDS. *When title to, vested in the state.*
The title of the state to the swamp and overflowed lands granted to her by act of congress of September 28, 1850, accrued from the date of the act. And a title derived from the state will take precedence over a grant by the United States subsequent to that time.

APPEAL from *Chicot* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*Clark & Williams*, for appellants.
*A. H. Garland, contra.*

WALKER, J. Thomas Morrow, on the 11th day of July, 1851, filed his application to locate a Lovely Donation claim upon the southwest quarter of section 12, in township 16 south, range two west, in the county of Chicot, Arkansas, as the land of the United States subject to entry; which he was permitted by the land officers at the Helena land office to do, and upon which a patent for said quarter section issued to him from the United States. Thereafter, on the 9th day of August, 1852, John A. Craig applied at the office of the board of swamp land commissioners for permission to purchase the

same quarter section of land as swamp and overflowed land, and was permitted to do so; and a certificate of purchase given to him; and by several assignments thereon, John A. Rotan, plaintiff's intestate, acquired title to said land.

Conceding the validity of each of the entries, the sole question to be determined is, whether Rotan or Ringo who succeeded to the rights of Morrow had the best title.

It is conceded, on the part of Rotan that if the land in dispute was the property of the United States at the time the donation claim was located, then that Ringo's title is best; but he insists that before that time, to wit, on the 28th day of September, 1850, the United States, by an act of congress of that date, granted to the state of Arkansas the swamp and overflowed lands within the limits of the state, whereby the state became the legal owner of said lands and possessed the sole power to sell and dispose of the same. That the land in dispute was swamp and overflowed land is fully proven.

The question thus presented has been repeatedly before this court, and has been so long and definitely settled, and under which titles have been acquired, that unless a very clear case was presented, we should adhere to our former decisions — the correctness of which, however, we do not question. In the cases of *Fletcher v. Pool*, 20 Ark., 100 ; *Hempstead v. Underhill*, id., 337, and *Branch v. Mitchell*, id., 431, we have held that, by force of the act of congress of September 28, 1850, there were granted to the state the swamp and overflowed lands within her limits; under which the state acquired title to all of the lands of that description from the date of the act. The evidence in the case clearly shows that the land in controversy was swamp and overflowed land, and consequently was embraced within the grant. Such being the case, the land, at the time Morrow was permitted to locate his donation claim upon it, was the property of the state of

Arkansas and not of the United States, and Morrow and Ringo, who held under him, acquired no title to the land. The purchase made by Craig of the state, through her swamp land agents, of this land as swamp land, which was regularly assigned to plaintiff's intestate, is amply sufficient to vest title in his intestate.

The decree of the court below was in favor of the complainant. Let it be affirmed.